IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD E. JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-cv-00671 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| LELAND DUDEK, | ) | |
| *Commissioner, Social Security* | ) | |
| *Administration*, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

For the reasons that follow, the Court will grant Defendant's Motion for Summary Judgment (Doc. 16) and deny Plaintiff's Motion for Summary Judgment (Doc. 11).

**I.   MEMORANDUM**

Plaintiff Richard E. Johnston ("Claimant") seeks disability and disability insurance benefits under the Social Security Act, which was denied initially in May 2021, on reconsideration in December 2021, and following an administrative hearing on April 13, 2023. *See* ALJ's Decision (Doc. 9-2) at 14.  ALJ Erin Powers issued a decision that found Claimant was not disabled under the five-step sequential evaluation process, on Claimant's alleged onset date, October 18, 2018, through April 28, 2023, the date of the ALJ's decision.  The Appeals Council denied Claimant's request for review on March 12, 2024, and Claimant filed this appeal.

Claimant argues that the ALJ's decision was not supported by substantial evidence and that it erred in its assessment of Drs. Guerra and Deines, the listing analysis and Claimant's residual functional capacity.  *See generally* Pl.'s Br. (Doc. 12).  After carefully reviewing the

entire record, the Court disagrees and will limit its discussion to the points of error alleged by Claimant.

Claimant's claim that the ALJ erred in finding the opinions of Drs. Guerra and Deines were non-persuasive because the ALJ's opinion is unsubstantiated and failed to consider Claimant's emergent care, *see id*. at 14–15, is contradicted by the ALJ specifically recognizing Claimant's need for emergent care in 2019 and 2021, *see* R. at 32, but finding more persuasive the longitudinal evidence that Claimant was able to "manage his symptoms with routine measures, such as therapy," *id*., and has "demonstrated an ability to sustain regular and continues work," *id*., "despite a history of learning disorder," *id*.  Additionally, the ALJ provided substantial evidentiary support for her conclusion that Claimant has "longitudinally managed his symptoms with routine measures," R. at 32, "has demonstrated an ability to sustain regular and continuous work," *id*., when rejecting Dr. Guerra's opinion.

Claimant asserts that his learning disorder and IEP and IQ scores were not adequately assessed, *see* Pl.'s Br. 15–16, but this assertion is misplaced.  The ALJ addressed these issues, particularly in the context of listings 12.05, 12.11 and 12.00, *see* R. at 20–21, but, again, was more persuaded by Claimant's completion of a high school education and work history in spite of his mental impairments when she concluded that Claimant failed to satisfy the criteria of any other 12.00 listing, *see* R. at 18–20, even with an IQ of 67, *see* Comm'r Br. 14–15 (citing record evidence).  The record also makes clear that the ALJ explicitly took these into account:

> [T]hat evidence, including that the claimant had an IEP, and combined with provisional learning disorder diagnosis by the consultative examiner, is sufficient to establish learning disorder as a medically determinable impairment, but the claimant went on to complete a high school education and then have a relatively steady work history in unskilled/semi-skilled jobs.  That history does not reflect significant deficits as would satisfy the criteria of listing 12.05 or any other 12.00 listing.

R. at 20–21.  Albeit unfavorable to Claimant, the ALJ identified substantial evidentiary basis for her assessment.

The ALJ also did not commit error when she determined that Claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b).[1]  Claimant asserts that the RFC is deficient because the ALJ did not account for, *inter alia*, his alleged pain, diagnosed impairments or subjective mental deficits.  *See* Pl.'s Br. at 18–19.  The record reflects, however, that the ALJ poured over such evidence to support the physical and mental RFC findings.  *See* R. at 22–32 (referencing all relevant evidence, including the negative physical findings, effective treatment and persuasive medical expert opinions).  For these reasons, it is clear to the undersigned that the ALJ's decision was reasonable and supported by substantial record evidence.

## II.    ORDER

Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Doc. 11) is **DENIED**.

IT IS SO ORDERED.

June 26, 2025                                                        s/Cathy Bissoon
                                                                     Cathy Bissoon
                                                                     United States District Judge

cc (via ECF email notification):
All Counsel of Record

---

[1] The ALJ did, however, determine that Claimant could perform light work under this regulation, except for the following:

> [n]ever climbing ladders, ropes, or scaffolds.  Frequent climbing of ramps and stairs, balancing (as defined in the SCO), stooping, kneeling, crouching.  Never crawling.  Occasional exposure to extremes of cold/heat, humidity, and irritants (fumes, odors, dusts, gasses).  Must avoid all workplace hazards such as unprotected heights and open, moving machinery.  Frequent bilateral overhead reaching and frequent bilateral handling and fingering.  Limited to understanding, remembering, and carrying out simple instructions.  Limitation to using judgment to make only simple work-related decisions.  No interaction with the public and occasional interaction with coworkers and supervisors.  Cannot perform work requiring a specific production rate (such as assembly line work or work requiring hourly quotas).

R. at 21.